UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**MARLON R. JACKSON**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 1:23-CV-P164-JHM**

**STEVE HARMON et al.**  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Marlon R. Jackson filed this *pro se*, *in forma pauperis* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. STATEMENT OF CLAIMS

Plaintiff's lawsuit arises out of his incarceration as a pretrial detainee at the Warren County Jail (WCJ). Plaintiff sues WCJ Jailer Steve Harmon and Captain Lindsey Cooper in their official capacities. He alleges that he was transported to WCJ in November 2023 where he was informed that he must remove the beads and seashells in his hair because they could be used as a weapon and were a security risk. Plaintiff states that he explained that to remove them would require cutting his hair, which he would not do for religious reasons. He states that he was then placed in handcuffs and a "full restraint wrap" and shackled to a chair, where he was left for hours before seeing the Deputy Jailer. According to Plaintiff, after seeing the Deputy Jailer, he was moved to the gym for several more hours. Plaintiff states that he has an old shoulder injury which began causing him pain during this time. He alleges that he asked for "medical" during one of the guards' periodic checks, and after some time "medical . . . found me drenched in sweat and in intense pain." He alleges that despite his obvious state of pain "officers" kept insisting that he cut his hair,

stating that he would not attend court or be placed in a dorm if he did not. According to the complaint, the nurse pointed out that he was drenched in sweat after which the officers took the cuffs off relieving the pressure on his shoulder.

Plaintiff states that the only officer with a name tag whom he saw was Defendant Cooper who approached him after the incident with a letter opener offering to cut his hair so that he could be moved to a regular cell, which Plaintiff declined.

Plaintiff also alleges that his glasses were taken from him for a period of time while he was in restraints, that he was only allowed to shower once in five days, and that he had to request an officer each time he needed to use the bathroom.

As relief, Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official capacity

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims are actually brought against Warren County, Defendants' employer.

A municipality such as Warren County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (internal quotation marks and citation omitted). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citation omitted).

Here, reading Plaintiff's complaint liberally, the Court finds that Plaintiff has alleged the existence of a Warren County policy or custom to keep him in a restraint chair for hours, even though he suffered intense pain because of a prior shoulder injury, to threaten to refuse to allow

3

him to attend court, and to not house him in a cell for days for refusing to cut his hair for religious reasons in violation of his Fourteenth Amendment right to be free from cruel and unusual punishment.

*B. Individual capacity*

Plaintiff did not check the box to indicate that he was also suing Defendants in their individual capacities, but he does request punitive damages which are only available against Defendants sued in their individual capacities. *Kentucky v. Graham*, 473 U.S. at 167 n.13 (punitive damages are not available in an official-capacity claim).

Individual-capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Id*. at 165. "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). A request for punitive damages is one factor to be considered in determining whether a defendant is sued in his individual capacity. *See Vittetoe v. Blount Cnty., Tenn.*, 861 F. App'x 843, 851 (6th Cir. 2021).

Even were the Court to consider the complaint as naming Defendants in their individual capacities, the individual-capacity claims against the two named Defendants would fail. If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted).

Plaintiff's only allegation pertaining to Defendant Cooper is that, after the incident involving the restraint chair, she offered to cut his hair so that he could be moved to a regular cell.

4

Plaintiff makes no allegations about Defendant Harmon and has not alleged that he directly participated in the events related to this claim. The Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to Defendant Harmon simply by virtue of his being the Jailer. *Monell*, 436 U.S. at 69; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir.1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. Instead, supervisory liability "must be based on active unconstitutional behavior," which Plaintiff does not allege. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

For the foregoing reasons, the Court will enter a separate Service and Scheduling Order to govern the development of this case against Warren County, the real party in interest.

Date: April 9, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

5